[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION OF CHILD SUPPORT DATED OCTOBER 25, 1991 (No. 108.00)
The court has before it the exhusband's ("husband") motion. He seeks to modify downward his child support payable to his ex wife ("wife"). He is presently paying the amount of $190.00 per week child support which is $47.50 per child. The claim is made that, pursuant to Connecticut General Statutes 46b-86, a substantial change in circumstances has taken place and he is entitled to a reduction.
The court heard the parties and their evidence. The court reviewed the current financial affidavits of the parties and their affidavits at the time the parties were divorced on June 22, 1990, and has considered all relevant statutory criteria and, in particular, 46b-86; 46b-84 and the Child Support Guidelines.
The wife at the time of the dissolution on June 22, 1990, was working and at the time of this hearing was unemployed. The affidavit filed by the husband dated June 22, 1990, showed that he had total net weekly income of $410.00. It showed expenses at that time of $871.00. Accordingly, he was in debt each week $461.00. Note that that expense did not include any child support order of the court in section nine of the weekly expense affidavit. That shortfall was an annualized CT Page 1142 expense of approximately $24,000.00.
Under liabilities at the time of the dissolution, he showed a $6,000.00 liability to Miguel Guzman and a $3,000.00 liability to Angel Maldonado. Those liabilities have been paid off since the date of the dissolution. He presently shows liabilities of $18,100.00. At the time of the dissolution, he showed $19,500.00 approximately in liabilities.
The husband's present affidavit shows a minus $70.00 of net weekly income and total expenses of $252.00. Accordingly, based on his affidavit, he is $322.00 short each week. This annualized is $16,744.00 approximately. Accordingly, his financial position in 1992, as shown on his affidavit of October 24, 1991, which was the one used at the hearing, shows him to be in better financial condition now than he was at the time of the dissolution.
Accordingly, this court finds that the husband has failed to sustain his burden that there has been a substantial change in his circumstances. In fact, he has remarried and his wife pays for some of his expenses.
The court would comment further concerning the payments made to the extent that, since it is difficult to determine exactly what his gross and net income is since he is self-employed, the court finds that it would be inequitable or inappropriate to follow the guidelines in this case.
The court finds that there was proof of the existence of the best interests of the children being the current payment. There were other equitable factors in this case including the fact that the wife was not able to get any assistance from the city or state except for a rent supplement. In addition it is clear to this court if the husband pays no child support his children will be on welfare. In addition, an other equitable factor was the fact that on the husband's remarriage he received wedding, presents in the sum of $5,700.00 which he claims were his wife's but wedding presents go to the married couple. He has that as a source of providing his child support. Accordingly the court deviates from the Guidelines.
For all the foregoing reasons, the motion to modify downward is denied. The court would mention in passing that the wife has argued for an increase but that motion is not before the court at this time and its success would appear unlikely.
EDWARD R. KARAZIN, JR., JUDGE CT Page 1143